# COURT OF APPEALS
# DECISION
# DATED AND FILED

## December 21, 2023

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No. 2022AP1667-CR**

**STATE OF WISCONSIN**

Cir. Ct. No. 2019CF604

**IN COURT OF APPEALS
DISTRICT IV**

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

  V.

JOHN LEE GRIFFIN,

    DEFENDANT-APPELLANT.

APPEAL from a judgment of the circuit court for Rock County: KARL HANSON, Judge. *Affirmed*.

Before Kloppenburg, P.J., Blanchard, and Graham, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM.  John Griffin appeals a judgment of conviction for possession of cocaine as a second or subsequent offense.  Police found the cocaine in a search of Griffin's car after arresting him for operating a motor vehicle while intoxicated (OWI).  Griffin contends that the search was unconstitutional.  We conclude that the search was lawful because there was reasonable suspicion that Griffin's car contained evidence of OWI.  Accordingly, we affirm the judgment of conviction.

¶2    The relevant facts are taken from police officer testimony at the suppression hearing.  At approximately 11:30 p.m., an officer noticed a car enter an intersection on a red light.  The officer followed the car for a few blocks and observed it cross a white dotted line two or three times, travel over areas of the street marked as parking stalls, and cross a double yellow line.

¶3    The officer initiated a traffic stop.  As she approached the driver's side of the car, she heard the click of doors locking and saw that the driver's side window was up.  She knocked on the driver's window and asked him to lower it.  The driver and only occupant of the car, Griffin, lowered the window approximately two to three inches.

¶4    As the officer was speaking with Griffin, she smelled a strong odor of intoxicants coming from the car.  She also observed that Griffin's eyes were glassy and slightly bloodshot and that he was "fumbling" when she asked for his identification and insurance card.  The officer requested that another unit come to the scene.

¶5    While Griffin remained in his car, a second officer made contact with him and also noticed the smell of alcohol coming from the car.  The officer asked

Griffin to perform field sobriety tests. Griffin complied and showed multiple "clues" of intoxication. The officer placed him under arrest for OWI.

¶6     After Griffin's arrest, officers searched his car. They found a spilled liquid smelling of alcohol on the passenger-side floorboard and an empty alcoholic beverage can in the center console. Underneath the can in the console, they found a clear plastic baggie containing a substance that tested positive for cocaine.

¶7     Griffin moved to suppress evidence from the search of his car. The circuit court denied the motion.

¶8     "This court analyzes the grant or denial of a suppression motion under a two-part standard of review." *State v. Adell*, 2021 WI App 72, ¶14, 399 Wis. 2d 399, 966 N.W.2d 115. "[W]e uphold the circuit court's findings of fact unless they are clearly erroneous." *Id.* However, we "review de novo the ultimate question of 'whether the facts as found by the [circuit] court meet the constitutional standard.'" *Id.* (quoted source omitted).

¶9     Here, the issue we are asked to address is whether the search of Griffin's car was constitutional. The parties agree that the applicable legal test is set forth in *State v. Coffee*, 2020 WI 53, 391 Wis. 2d 831, 943 N.W.2d 845, and that according to this test, the police may search a car incident to an OWI arrest when there is reasonable suspicion that the car contains evidence of OWI. *See id.*, ¶¶2, 50-51.

¶10     "Reasonable suspicion is, in a nutshell, less than probable cause, but more than a hunch." *State v. Batt*, 2010 WI App 155, ¶18, 330 Wis. 2d 159, 793 N.W.2d 104. "'The question of what constitutes reasonable suspicion is a common sense test: under all the facts and circumstances present, what would a reasonable

police officer reasonably suspect in light of [the officer's] training and experience.'" *State v. Colstad*, 2003 WI App 25, ¶8, 260 Wis. 2d 406, 659 N.W.2d 394 (quoted source omitted).

¶11 Griffin argues that the totality of the circumstances known to the officers when they searched his car was insufficient to provide reasonable suspicion that the car contained alcohol. The State argues that the totality of the circumstances was sufficient. We agree with the State and conclude that there are three factors here that, when combined with the other circumstances, provided reasonable suspicion that the car contained evidence of OWI.

¶12 First, when the officer who initially stopped Griffin approached the driver's side of his car, Griffin did not immediately lower his window, and instead, apparently, locked his doors. A reasonable inference from this initial conduct by Griffin is that he wanted to prevent the officer from discovering something incriminating in his car.

¶13 Second, when the officer knocked on Griffin's window and asked him to lower it, he lowered it only two or three inches. This additional conduct by Griffin further supports a reasonable inference that he wanted to conceal something in his car.

¶14 Although there may have been alternative, innocent reasons why Griffin engaged in this conduct, the conduct is nonetheless reasonably viewed as suspicious. "[C]onduct which has innocent explanations may also give rise to a reasonable suspicion of criminal activity." *State v. Young*, 212 Wis. 2d 417, 430, 569 N.W.2d 84 (Ct. App. 1997).

4

¶15 Third, two police officers smelled an odor of alcohol coming from Griffin's car. The officer who initially stopped Griffin testified that she smelled a strong odor of intoxicants "coming from the vehicle" as she was speaking with Griffin. The second officer similarly testified that he smelled alcohol "emanating from the vehicle" when he first made contact with Griffin while Griffin was still in his car.

¶16 Griffin argues, as we understand it, that the officers' testimony left unclear whether the odor was coming from a source other than his person because their testimony showed that he was still in the car when they detected the odor. He argues that this testimony therefore does not establish that the odor was coming from somewhere other than his person. We agree that the officers' testimony left the source (or sources) of the odor unclear. However, their testimony did not rule out a reasonable possibility that the odor was coming at least partly from a source in the car other than Griffin's person.[1]

¶17 Griffin also argues that the circuit court erred by concluding that the same facts that showed probable cause for his arrest also showed reasonable suspicion for the search of his car. According to Griffin, the court's approach was tantamount to the application of a categorical rule allowing police to conduct vehicle searches incident to OWI arrests. Griffin argues that our supreme court in *Coffee* rejected a categorical rule.

¶18 We disagree with Griffin's characterization of the circuit court's decision. But it does not matter in any case, because we do not apply a categorical

---

[1] As the State notes, one of the officers later testified that after Griffin got out of the car, the officer smelled the odor of intoxicants "emanating from his person." This testimony, like the officers' other testimony, did not rule out a reasonable possibility that the odor the officers initially detected was coming at least partly from a source other than Griffin's person.

rule in our de novo review of whether the search of Griffin's car was lawful. Rather, we conclude that there was reasonable suspicion to search the car for evidence of OWI based on the totality of the circumstances.

¶19 Facts showing probable cause for an OWI arrest may often overlap with facts showing reasonable suspicion to search a car for OWI evidence. As the State aptly puts it, "the totality of the circumstances test does not require officers to have separate facts for the arrest and search." However, this overlap does not mean that there will be reasonable suspicion for a vehicle search every time there is probable cause for an OWI arrest.

¶20 Griffin also argues that the police officers likewise applied a categorical rule. He points to an officer's testimony that the police had authority to search Griffin's car. Specifically, he notes that the officer testified that "[b]ecause he was placed under arrest for OWI, we were looking for any evidence related to the OWI." But this argument does not help Griffin because the officers' subjective reasons for conducting the search do not determine its lawfulness. *See State v. Kelsey C.R.*, 2001 WI 54, ¶49 n.11, 243 Wis. 2d 422, 626 N.W.2d 777 (stating that the test for reasonable suspicion "is an objective test, not a subjective one, and, therefore, [the officer's] reason is not controlling").

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5. (2021-22).